## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOHN SULLIVAN,

      **Plaintiff,**

v.                              **CASE NO.:**

TRULIEVE, INC.,

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOHN SULLIVAN, by and through undersigned counsel, brings this action against Defendant, TRULIEVE, INC., and in support of his claims states as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages for violations of 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq.*

3.      Venue is proper in the Middle District of Florida, because Defendant is located in Columbia County, Florida.

## PARTIES

4.     Plaintiff is a resident of Suwannee County, Florida.

5.     Defendant operates a marijuana dispensary in Lake City, in Columbia County, Florida.

## GENERAL ALLEGATIONS

6.     Plaintiff is a member of a protected class of persons under Section 1981.

7.     Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

8.     Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

9.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

11.    At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981, Title VII, and the FCRA.

12.    Plaintiff has satisfied all conditions precedent, or they have been waived.

13.    Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

14.    Plaintiff requests a jury trial for all issues so triable.

### FACTS

15.    Plaintiff is a mixed-race man with darker colored skin.

16.    Plaintiff began working for Defendant as a Patient Consultant in Defendant's retail store in August 2021, and he worked for Defendant until on or around July 16, 2022.

17.    Plaintiff performed the duties of his position with Defendant in a satisfactory manner.

18.    Throughout Plaintiff's employment, his Supervisor, Defendant's Store Manager, would make negative racial comments about Black people.

19.    By way of example, the Store Manager referred to Plaintiff as "tar baby material."

20. Additionally, the Store Manager told only the Black employees not to touch the counters because they would "make them dirty."

21. The Store Manager showed preferential treatment to lighter colored individuals.

22. For instance, the Store Manager referred to certain Black people as "the good ones and not the poor ones."

23. Plaintiff routinely objected to the Store Manager's discriminatory treatment of Plaintiff, based on Plaintiff's race and color.

24. However, Defendant failed to take remedial action and the discrimination continued.

25. Not only did Defendant fail to take remedial action, but Defendant retaliated against Plaintiff for engaging in protected activity.

26. At first, Defendant retaliated against Plaintiff by changing Plaintiff's work schedule, then transferring Plaintiff to another facility and changing Plaintiff's position to Trim Technician.

27. Finally, Defendant terminated Plaintiff on or around July 16, 2022 based on his race and color and in retaliation for Plaintiff engaging in protected activity.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

28.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 8 and 11 through 27 of this Complaint, as though fully set forth herein.

29.     Plaintiff is a member of a protected class of persons under Section 1981.

30.     Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

31.     The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

32.     Defendant's actions were willful and done with malice.

33.     As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

34.     Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

5

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT II — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

35.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 8 and 11 through 27 of this Complaint, as though fully set forth herein.

36.     Plaintiff is a member of a protected class of persons under Section 1981.

37.     By objecting to the racial discrimination, Plaintiff engaged in protected activity under Section 1981.

38.     Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by changing Plaintiff's schedule, transferring Plaintiff to another facility, and terminating Plaintiff's employment.

39.     Defendant's actions were willful and done with malice.

40.     Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

41.     As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

42.     Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d)     Compensatory damages, including emotional distress, allowable at law;

e)     Punitive damages;

f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)     Prejudgment interest on all monetary recovery obtained;

h)     All costs and attorney's fees incurred in prosecuting these claims; and

i)     For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
## (RACE DISCRIMINATION)

43.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 9 through 20, and 22 through 27 of this Complaint, as though fully set forth herein.

44.     Plaintiff is a member of a protected class under Title VII.

45.     Plaintiff was subjected to disparate treatment on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by changing his schedule, transferring him, and terminating his employment after he engaged in protected activity.

46.     Defendant knew or should have known of the discriminatory treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

47.     Defendant's actions were willful and done with malice.

48.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained.

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IV – TITLE VII VIOLATION
### (COLOR DISCRIMINATION)

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5 and 9 through 27 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under Title VII.

51.     Plaintiff was subjected to disparate treatment on the basis of his color, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by changing his schedule, transferring him, and terminating him after he engaged in protected activity.

52.     Defendant knew or should have known of the discriminatory treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

53.     Defendant's actions were willful and done with malice.

54.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of Title VII by Defendant;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Any other compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained.

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

## COUNT V – TITLE VII RETALIATION

55.      Plaintiff realleges and readopts the allegations of paragraphs 1 through 5 and 9 through 27 of this Complaint, as though fully set forth herein.

56.      Plaintiff is a member of a protected class under Title VII, based on his race and color.

57.      Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

58.      Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by changing his schedule, transferring him, and terminating Plaintiff's employment.

59.      Defendant's actions were willful and done with malice.

12

60.     In changing his schedule, transferring him, and terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

61.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issue and that this Court take jurisdiction over the case;

c)     That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d)     That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e)     Compensation for lost wages, benefits, and other remuneration;

f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g)     Front pay;

h)     Any other compensatory damages, including emotional distress, allowable at law;

i)     Punitive damages;

j)     Prejudgment interest on all monetary recovery obtained.

k)     All costs and attorney's fees incurred in prosecuting these claims; and

l)     For such further relief as this Court deems just and equitable.

**COUNT VI – FCRA VIOLATION**
**(RACE DISCRIMINATION)**

62.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 9 through 20, and 22 through 27 of this Complaint, as though fully set forth herein.

63.    Plaintiff is a member of a protected class under the FCRA, based on his race.

64.    Plaintiff was subjected to discriminatory treatment by Defendant on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by changing his schedule, transferring him, and terminating him after he engaged in protected activity.

65.   Defendant's actions were willful and done with malice.

66.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   Compensation for lost wages, benefits, and other remuneration;

d)   Front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

## COUNT VII – FCRA VIOLATION
### (COLOR DISCRIMINATION)

67.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 5 and 9 through 27 of this Complaint, as though fully set forth herein.

68.     Plaintiff is a member of a protected class under the FCRA, based on color.

69.     Plaintiff was subjected to discriminatory treatment by Defendant on the basis of his color, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by changing his schedule, transferring him, and terminating him after he engaged in protected activity.

70.     Defendant's actions were willful and done with malice.

71.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

j)      A jury trial on all issues so triable;

k)      That process issue and that this Court take jurisdiction over the case;

l)      Compensation for lost wages, benefits, and other remuneration;

16

m)   Front pay;

n)   Any other compensatory damages, including emotional distress, allowable at law;

o)   Punitive damages;

p)   Prejudgment interest on all monetary recovery obtained.

q)   All costs and attorney's fees incurred in prosecuting these claims; and

r)   For such further relief as this Court deems just and equitable.

## COUNT VIII – FCRA RETALIATION

72.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 5 and 9 through 27 of this Complaint, as though fully set forth herein.

73.   Plaintiff is a member of a protected class under the FCRA, based on race and color.

74.   Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination against Plaintiff.

75.   Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by changing his schedule, transferring him, and terminating Plaintiff's employment.

76.   Defendant's actions were willful and done with malice.

77.   By changing his schedule, transferring him, and terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

78.   Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)   Front pay;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)    Punitive damages;

i)    Prejudgment interest on all monetary recovery

obtained.

j)    All costs and attorney's fees incurred in prosecuting

these claims; and

k)    For such further relief as this Court deems just and

equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of January, 2024.

Respectfully submitted,

/s/Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**