## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**JOHN SULLIVAN,**

     **Plaintiff,**

**v.**                                **Case No.: 3:24-cv-00097-HLA-PDB**

**TRULIEVE INC.,**

     **Defendant.**

_____/

## ANSWER

COMES NOW TRULIEVE, INC. ("Defendant") and submits the following answer and defenses to Plaintiff John Sullivan's ("Plaintiff") Complaint. All matters not expressly admitted herein are denied.

## JURISDICTION AND VENUE

1.    Defendant admits only that Plaintiff purports to bring an action pursuant to 42 U.S.C. § 1981 ("§ 1981"); Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01, *et seq.* Defendant denies it engaged in conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind.

2.    Paragraph 2 is jurisdictional only and requires no response. To the extent any response is required, Defendant does not contest federal court

jurisdiction, but Defendant denies it engaged in conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind.

3.      Although Defendant admits that venue is proper in the Middle District of Florida, for convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the Northern District of Florida, the location where Plaintiff was working for Defendant at the time of his employment separation. Defendant denies it engaged in conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind.

## PARTIES

4.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegation regarding Plaintiff's residency and therefore denies the same.

5.      Admitted that Defendant operates a medical marijuana dispensary in Lake City, Florida.

## GENERAL ALLEGATIONS

6.      Admitted.

7.      Defendant admits only that Plaintiff's rights to contract for and enjoy the benefits of employment are protected under § 1981. Defendant denies the remaining allegations in Paragraph 7.

8.      Admitted.

9.     Defendant admits only that Plaintiff was an "employee" of Defendant, as defined by Title VII. Defendant denies the remaining allegations in Paragraph 9.

10.     Admitted.

11.     Denied.

12.     Denied.

13.     Paragraph 13 does not require a response from Defendant. To the extent it does, Defendant denies the allegations in Paragraph 13.

14.     Paragraph 14 does not require a response from Defendant.

15.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16.     Defendant admits only that Plaintiff began working as a Patient Consultant for Defendant on August 3, 2021, and his employment ended effective July 14, 2022.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Defendant admits only that it terminated Plaintiff's employment effective July 14, 2022. Defendant denies the remaining allegations in Paragraph 27.

## COUNT I – 42 U.S.C. § 1981 VIOLATION
## (RACE DISCRIMINATION)

28.     Defendant incorporates herein by reference its responses to Paragraphs 1–27.

29.     Admitted.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to i) following Paragraph 34.

## COUNT II – 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

35.     Defendant incorporates herein by reference its responses to Paragraphs 1–34.

36.     Admitted.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to i) following Paragraph 42.

## COUNT III – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

43.     Defendant incorporates herein by reference its responses to Paragraphs 1-42.

44.     Admitted.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to j) following Paragraph 48.

## COUNT IV – TITLE VII VIOLATION
## (COLOR DISCRIMINATION)

49.     Defendant incorporates herein by reference its responses to Paragraphs 1-48.

50.     Admitted.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to j) following Paragraph 54.

## COUNT V – TITLE VII RETALIATION

55.    Defendant incorporates herein by reference its responses to Paragraphs 1-54.

56.    Admitted.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to l) following Paragraph 61.

## COUNT VI – FCRA VIOLATION
### (RACE DISCRIMINATION)

62.    Defendant incorporates herein by reference its responses to Paragraphs 1–61.

63.    Admitted.

64.    Denied.

65.    Denied.

66.    Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to i) following Paragraph 66.

## COUNT VII – FCRA VIOLATION
### (COLOR DISCRIMINATION)

67.     Defendant incorporates herein by reference its responses to Paragraphs 1–66.

68.     Admitted.

69.     Denied.

70.     Denied.

71.     Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts j) to r) following Paragraph 71.

## COUNT VIII – FCRA RETALIATION

72.     Defendant incorporates herein by reference its responses to Paragraphs 1–71.

73.     Admitted.

74.     Denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

WHEREFORE, Defendant denies it engaged in any conduct in violation of § 1981, Title VII, or the FCRA, and denies Plaintiff is entitled to any remedy or relief of any kind, including but not limited to the relief requested in subparts a) to k) following Paragraph 78.

## GENERAL DENIAL

Defendant denies each and every allegation, premise, or theory contained in Plaintiff's Complaint not specifically admitted herein to be true.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Except to the extent expressly admitted herein, Defendant denies the material allegations of the Complaint and demands strict proof thereof.

2.    Plaintiff has alleged only conclusions of law and formulaic recitations of the elements of his claims without adequate supporting facts, details, or events to support such elements.

3.    Plaintiff's claims are barred, in whole or in part, because they fail to state a cause of action upon which relief may be granted.

4.      In order to avoid waiver, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or are otherwise untimely.

5.      Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy statutory prerequisites and other conditions precedent to bringing suit.

6.      Plaintiff's claims are barred, in whole or in part, because any losses Plaintiff has sustained or will sustain are due to Plaintiff's own failures and omissions and Plaintiff's own conduct or negligence.

7.      To the extent that Plaintiff's allegations in this action exceed the scope of the allegations contained in any administrative charge of discrimination filed, Plaintiff has failed to satisfy the statutory prerequisites under applicable law for bringing a civil action based on such claims.

8.      To avoid waiver, Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, ratification, acquiescence, consent, agreement, accord and satisfaction, release, payment, and/or waiver.

9.      Plaintiff is precluded from any recovery because Plaintiff has not suffered any damages or any legally recognizable injury and/or the damages Plaintiff seeks are speculative and not recoverable as a matter of law.

10.     Plaintiff's claims are barred, in whole or in part, insofar as Defendant's purported actions or omissions were not the proximate cause of any alleged injury, loss, and/or damage incurred by Plaintiff.

11.     Without conceding that Defendant has the burden of proof on this issue, Defendant based all actions with regard to Plaintiff on legitimate, good-faith, non-discriminatory, non-retaliatory business factors.

12.     Defendant denies that any unlawful acts were committed against Plaintiff. However, even assuming they occurred (which they did not), Defendant is not liable for actions which were neither authorized nor ratified by Defendant or were committed outside the scope of employment.

13.     Plaintiff's claims for damages are limited, in whole or in part, by Florida Statutes § 448.103.

14.     Plaintiff's claims are barred because Plaintiff did not engage in any protected disclosure or any other protected activity or conduct under the relevant statutes.

15.     To the extent the Complaint seeks punitive or liquidated damages, Plaintiff is not entitled to such since Defendant acted at all times towards Plaintiff in good faith, without malice, evil intent, or reckless disregard for Plaintiff's rights, and made good faith efforts to comply with the law.

16.     Plaintiff cannot recover punitive or liquidated damages because Defendant at all relevant times made a good faith effort to comply with all applicable statutes with regard to Plaintiff, and any discriminatory or retaliatory actions or decisions by its managerial agents were contrary to those good faith efforts.

17.     Plaintiff is not entitled to recover punitive or liquidated damages because Plaintiff has failed to allege facts sufficient to state a claim for such damages or to show that Defendant is guilty of oppression, fraud, or malice, or that Defendant acted with reckless indifference to protected rights.

18.     Plaintiff's claims for injunctive and other equitable relief are barred on grounds that Plaintiff has an adequate and complete remedy at law if Plaintiff were to prevail with regard to these claims.

19.     Without conceding that Defendant has the burden of proof on this issue, and expressly denying that Plaintiff suffered any actionable damages, Defendant avers that, through use of diligent efforts, Plaintiff could have mitigated any alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

20.     Defendant denies that Plaintiff's race, color, or any protected behavior, activity, or leave was a motivating factor in any employment decision.  Nevertheless, Defendant preserves all affirmative defenses under Chapter 448, Florida Statutes, the FCRA, Title VII, or 42 U.S.C. § 1981.

21.     Defendant denies that any impermissible factor played a role in any decision or act challenged by Plaintiff. In the alternative, in the event the Court or jury concludes that any alleged impermissible factor was a motivating factor in any of the challenged employment decisions (which Defendant expressly denies), Defendant affirmatively avers that the same decisions would have been made even absent consideration of any alleged impermissible factor.

22.     Any damages Plaintiff suffered were not caused by any action, conduct, behavior, or incidents for which Defendant is or could be liable.

23.     Defendant is not and cannot be liable to Plaintiff for any claims and damages for alleged discrimination or retaliation because at all relevant times there was in place and in effect a valid mandatory policy, duly disseminated to employees, prohibiting any form of unlawful employment discrimination or retaliation, and which required individuals allegedly subjected to such discrimination or retaliation to report it to Defendant.

24.     Upon learning of any alleged discrimination or retaliation by Plaintiff's co-workers, Defendant took prompt remedial action reasonably likely to prevent the alleged misconduct from occurring.

25.     Plaintiff is not entitled to an award of prejudgment interest if he prevails on any of his stated claims.

26.     Plaintiff's damages are limited to those remedies and those amounts provided by the statute.

27.     Plaintiff is not entitled to a jury trial on his claims for equitable relief or back pay.

28.     At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this answer based on discovery of additional information or affirmative defenses at a later date, up to and including the time of trial.


                                        Respectfully submitted,


                                        s/ Janell M. Ahnert
                                        Janell M. Ahnert (FL Bar 0123161)
                                        Lead Counsel for Defendant
                                        Trulieve, Inc.

**OF COUNSEL:**

**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL  35203-3204
Telephone: 205.421.4700
Facsimile: 205.421.4699
jahnert@littler.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served on this the 20th day of February 2024, by electronically filing the same with the CMECF e-filing system, which will send electronic notice of same to the following:

Brandon J. Hill (FL Bar 37061)
Hannah E. DeBella (FL Bar 1026002)
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
bhill@wfclaw.com
hdebella@wfclaw.com

s/ Janell M. Ahnert
OF COUNSEL